**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RAVIN JERMAINE SERRAO, | DOCKET NUMBER |
| Appellant, | AT-3443-23-0626-I-1 |
| v. | |
| NATIONAL AERONAUTICS AND | DATE: February 28, 2025 |
| SPACE ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ravin Jermaine Serrao</u>, Lantana, Florida, pro se.

<u>Heather Javida Akram</u>, Esquire, Kennedy Space Center, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction, finding that his termination upon the expiration of his temporary internship is not an appealable action. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

As explained in the initial decision, the appellant was terminated from his Pathways Internship Employment Program internship on its expiration 120 days after he received his degree. Initial Appeal File (IAF), Tab 32, Initial Decision (ID) at 3-4. Though the appellant has not contested this finding on review, he argues that the coding on the Standard Form 50 (SF-50) documenting his termination erroneously reflects that he was terminated during probation and that the agency's refusal to change the form is retaliatory. Petition for Review (PFR) File, Tab 2 at 5, 9, 29. For the reasons set forth in the initial decision, we agree with the administrative judge that the termination of the internship was not an appealable action under 5 U.S.C. chapter 75. ID at 4. We also agree with the administrative judge that the Board cannot consider the appellant's claims of discrimination, prohibited personnel practices, and hostile work environment absent an otherwise appealable action. PFR File, Tab 2 at 4-29; ID at 5.

The appellant asserts on review that, in an email provided with his initial appeal, an agency employee indicated that he would have appeal rights on

termination because he had completed probation in May 2017. PFR File, Tab 2 at 4; IAF, Tab 1 at 8. However, as the initial decision correctly explained, regardless of whether the appellant is an employee with adverse action appeal rights under 5 U.S.C. chapter 75, the Board lacks jurisdiction over this appeal because the termination of his internship did not subject him to an appealable adverse action. *See Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶ 10 (2010); 5 C.F.R. § 752.401(b)(11); ID at 4.

On review, the appellant asserts that the agency retaliated against him after he made claims of discrimination by refusing to change the SF-50 documenting his termination to reflect that his internship expired rather than stating "TERMINATION DURING PROB/TRIAL PE." PFR File, Tab 2 at 5, 9, 29. He claims that such labeling has barred him from further Federal employment. *Id.* However, to the extent the appellant is arguing that the agency's coding of the SF-50 as a termination during probation is a reflection of the action it took, we are not persuaded that a different outcome is warranted. While an SF-50 is relevant evidence regarding an individual's status, it is not dispositive. *See Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010) (finding that an SF-50 is not a legally operative document that controls an employee's status and rights but is merely the customary documentation for a Federal personnel action). Furthermore, the other documentation surrounding the agency's action shows that the appellant's separation was due to the expiration of his appointment rather than for cause. IAF, Tab 20 at 4, 6-7.

Finally, we have reviewed the documents that the appellant has submitted to support his petition for review. PFR File, Tab 2 at 31, 33, 35. The Board generally will not consider new evidence raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d). The document specifying the appellant's disability was in the record before the administrative

judge and, therefore, is not new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); PFR File, Tab 2 at 31; IAF, Tab 6 at 22. The appellant submitted an email between him and agency personnel concerning reasonable accommodation, which could have been submitted before the record in the initial appeal closed on December 22, 2023. PFR File, Tab 2 at 33; IAF, Tab 30 at 3. He has not explained why he did not submit it previously. *See Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999) (explaining that the Board will not consider evidence submitted for the first time on petition for review when it was previously available, but a party elected not to file it with the administrative judge). The appellant has also submitted an undated page of interrogatories. PFR File, Tab 2 at 35. We find that he has not met his burden to show that this document was unavailable prior to the close of the record despite his due diligence. We also find that none of this evidence pertains to the issue of jurisdiction and is therefore not material to the outcome of the appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.